Johnson, J.
delivered the opinion of the Court.
1st. As to the nonsuit. In the absence of any statutory or other positive regulation, each department of the Judiciary must be left to adopt and' pursue its own formula in its proceedings ; because neither of them has the power to prescribe in these matters for the others. With respect to matters of substance, there are certain requisites however, which equally apply to every jurisdiction, and without which legal proceedings would be useless and unnecessary. In addition to the ordinary circumstances of time and place, they should, for the most obvious reasons, exhibit the parties, the subject matter in dispute, and the result. *9 These facts being ascertained, the legal consequences follow of course, whatever may be the phraseology used; and where forms are not prescribed, it is the most that can be expected from the subordinate tribunals, where, for the most part, the proceedings are conducted by the parties themselves, and before Judges unused to, and uninformed in the technicalities and subtleties of pleading. As administrators, it was incumbent on the defendants to account before the Ordinary, and to pay over to the persons legally entitled, the money in then hands. And these are amongst the leading creditors of an administration bond. The Ordinary is authorized to take and adjust the accounts; but there his powers end. He has no authority to enforce the performance of any order or decree which he might make. It would follow, therefore, that his judicial powers ended with his ascertaining the sum due, and that any super-addition could only be directory, without any legal effect or operation, and was not indispensable to the perfection of the record.
In the case under consideration, the sum due by the defendant was ascertained in an account before the Ordinary; and the liability of the defendant to pay it was a legal consequence, and did not depend on the order or decree of the Ordinary enjoining it on him. The evidence was, therefore, properly admitted, and . conclusive of the question.
2d. As to the motion for a new trial. The evidence offered in the form of a discount, consisted of charges against Susannah Clifton, for whose benefit the action was brought, for boarding, clothing, tuition, &c. to the amount of more than three times the sum claimed to be her interest in the whole personal estate.
Before the appointment of a guardian, it was the duty of the defendants, as administrators of the estate of James Clifton, to provide for the wants and necessities of his infant child, Susan-nah Clifton, and any appropriation of the funds to those objects, was in the coiuse of then administration, and constituted a charge upon that part of the funds which belonged to her; of necessity, therefore, in their account before the Ordinary, it became a proper and indispensable matter of account, and from their acquiescence in the decree of the Ordinary, it will be presumed, that all matters properly cognizable there, were fully adjusted and settled.
*10 The Courts of Law have invariably refused to entertain actions on administration bonds, until the state of the accounts is ascertained by a decree of the Court of Ordinary; and the reason on which the rule proceeds, is, that from the organization of the Courts of Law, and the established mode of proceeding, which excludes the evidence of the parties, they are incompetent to investigate such matters of account. This objection has, it is true, been usually interposed against the right of the plaintiff to proceed, but the principle equally applies to a similar matter of defence. The reason applies as strongly to both. The evidence offered was, therefore, properly rejected; and the motion for a new trial must also be refused.
Motion refused.